KATHLEEN E. WELLS, SBN 107051
3393 Maplethorpe Lane
Soquel CA 95073
Telephone: (831) 475-1243
E-mail: lioness@got.net

Attorney for Plaintiffs David Meyberg and
  New Santa Cruz Surf School, LLC

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DAVID MEYBERG, and )
NEW SANTA CRUZ SURF SCHOOL, )     Case No. C 19-00700 NC
LLC, )
   )
   )     FIRST AMENDED COMPLAINT
      Plaintiffs, )     FOR DAMAGES FOR, INJUNCTIVE
   )     RELIEF FROM AND DECLARATORY
      vs. )     RELIEF REGARDING ANTI-TRUST
   )     VIOLATIONS AND CONSPIRACY
CITY OF SANTA CRUZ, )     TO COMMIT ANTI-TRUST
ED GUZMAN, individually and dba )     VIOLATIONS, FOR DAMAGES
  CLUB ED, )     FOR, INJUNCTIVE RELIEF
CAROL SCURICH, individually and as )     FROM AND DECLARATORY
   Director of Santa Cruz City )     RELIEF REGARDING VIOLATIONS
   Department of Parks and Recreation, )     OF FEDERAL AND CALIFORNIA
Officer ELDRIDGE, )     CONSTITUTIONAL PROCEDURAL +
ADAM BAKER, )     DUE PROCESS, FOR DAMAGES
RICK MARTINEZ, )     AND INJUNCTIVE RELIEF FROM
DONALD TIMOTEO, )     VIOLATION OF FEDERAL AND
LAURA LANDRY, )     CALIFORNIA CONSTITUTIONALLY
JOE GRANDA, )     PROTECTED RIGHT TO EQUAL
LEE BUTLER, )     PROTECTION OF THE LAW, FOR
NANCY CONCEPCION, )     DAMAGES FOR ASSAULT AND
ERIC MARLATT, )     BATTERY; FOR DAMAGES AND
ALEX KHOURNY, )     INJUNCTIVE RELIEF FROM
JACOB RODRIGUEZ, )     VIOLATION OF CALIFORNIA
DOES 1 THROUGH 40, )     CONSTIUTIONAL RIGHT OF BEACH
   )     ACCESS (ART. X,  § 4), FOR

1

Defendants.                    )

_____)

DAMAGES FOR AND INJUNCTIVE RELIEF FROM VIOLATION OF PUBLIC TRUST TO UTILIZE SHOREWATERS FOR APPROPRIATE COMMERCIAL AND RECREATIONAL USE, FOR DAMAGES FOR AND INJUNCTIVE RELIEF FROM VIOLATION OF FEDERAL AND CALIFORNIA CONSTITUTIONAL FREE SPEECH RIGHTS, FOR DAMAGES FOR AND  INJUNCTIVE RELIEF FROM VIOLATION OF FEDERAL AND CALIFORNIA CONSTITUTIONAL SUBSTANTIVE DUE PROCESS, FOR DAMAGES FOR AND INJUNCTIVE RELIEF FROM UNCONSTITUTIONAL SEARCHES, DECLARATORY RELIEF RE LOTS, FOR DAMAGES FOR REGULATORY TAKING, FOR DAMAGES FOR AND INJUNCTIVE RELIEF FROM RETALIATION FOR EXERCISE OF FEDERAL AND CALIFORNIA RIGHT TO PETITION STATE GOVERNMENT FOR REDRESS OF GRIEVANCES THROUGH LITIGATION, FOR DAMAGES FOR AND INJUNCTIVE RELIEF FROM VIOLATION OF RICO ACT (18 U.S.C. § 1961, FOR DAMAGES FOR AND INJUNCTIVE RELIEF FROM VIOLATION OF CALIFORNIA UNFAIR PRACTICES ACT (B&P § 17200 ET SEQ.), FOR DAMAGES FOR AND INJUNCTIVE RELIEF FROM PURSUANT TO BANES ACT (CC §§ 51.7, 52 and 52.1)

**JURY TRIAL DEMANDED**

2

Plaintiffs allege:

**JURISDICTION AND VENUE**

1. Jurisdiction concerning the First, Second, Third and Fourth Claims for Relief is provided by Title 15 of the United States Code (hereinafter U.S.C.) § 15(a) (Clayton Act) and 28 U.S.C. § 1337.

2. Jurisdiction concerning the Seventh through Tenth, Twelfth, Thirteenth, Eighteenth through Twenty-Fourth and Twenty-Sixth through Twenty-Eighth Claims for Relief is provided by 28 U.S.C. § 1343.

3. Jurisdiction concerning the Third, Fourth, Eighth, Tenth, Thirteenth, Nineteenth, Twenty-First, Twenty-Third, Twenty-Eighth and Thirty-First Claims for Relief (injunctive relief) and the Fourth Claim for Relief (declaratory relief) is also provided by Title 28 of the United States Code (28 U.S.C.) § 1331.

4. Jurisdiction concerning the Thirty-First Claim for Relief is provided by 18 U.S.C. §§ 1961-1968 .

5. Jurisdiction concerning the Fifth, Sixth, Eleventh through Thirtieth, Thirty-Second and Thirty-Third Claims for Relief is provided by the judicial doctrine of pendent jurisdiction for related State claims.

6. Venue of this Court is proper pursuant to 28 U.S.C. § 1391 because Defendant CITY OF SANTA CRUZ (hereinafter CITY) is located within the County of Santa Cruz in the State of California (hereinafter Santa Cruz County), each and every one of the wrongs alleged herein occurred within Santa Cruz County, and all defendants are subject to personal jurisdiction within the Northern District of California..

**PARTIES**

7. Plaintiff DAVID MEYBERG (hereinafter MEYBERG) is, and at all relevant times was, a resident of Santa Cruz County.

3

8. Plaintiff NEW SANTA CRUZ SURF SCHOOL, LLC, (hereinafter NSCSS) is a limited liability corporation organized for the purpose of profit and solely owned by MEYBERG.

9. Plaintiffs are informed and believe Defendant CITY OF SANTA CRUZ (hereinafter CITY) is a city organized under a charter and thus a municipal corporation franchised by the State of California.

10. Plaintiffs are informed and believe Defendant CAROL SCURICH (hereinafter SCURICH) is and at all pertinent times was Director of the Santa Cruz City Department of Parks and Recreation (hereinafter Parks and Recreation Department). She is named herein in both her capacity as agent/employee of the CITY and in her individual capacity.

11. Plaintiffs are informed and believe Defendant ED GUZMAN does business under the name of CLUB ED. (Hereinafter GUZMAN when referring to the individual acts or liability of Defendant ED GUZMAN; hereinafter CLUB ED when referring to the acts of GUZMAN when he is acting on behalf of his business CLUB ED or when any employee or agent of CLUB ED is so acting.)

12. Plaintiffs are informed and believe Defendants RICK MARTINEZ (hereinafter MARTINEZ), ADAM BAKER (hereinafter BAKER), and Officer ELDRIDGE (hereinafter ELDRIDGE) are employees of CITY and officers of the Santa Cruz City Police Department. MARTINEZ is Chief Deputy of Santa Cruz Police Department (hereinafter Police Department).

13. Plaintiffs are informed and believe Defendants LEE BUTLER (hereinafter BUTLER), ERIC MARLATT (hereinafter MARLATT), ALEX KHOURNY (hereinafter KHOURNEY), and NANCY CONCEPCION (hereinafter CONCEPCION), DONALD TIMOTEO (hereinafter TIMOTEO), JACOB RODRIGUEZ (hereinafter RODRIGUEZ), LAURA LANDRY (hereinafter LANDRY) and JOE GRANDA (hereinafter GRANDA) are employees of CITY and officials within the Santa Cruz City Planning Department (hereinafter Planning Department).

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

14. Plaintiffs are informed and believe that all Defendants designated herein as "DOES 1 THROUGH 25 (unknown employees and/or agents of the CITY OF SANTA CRUZ)" were employees or agents of CITY at a pertinent time, but Plaintiffs presently are unaware of the particular manner in which they, or any of them, participated in the wrongs alleged herein, or whether they may have been acting within or outside the scope of their authorized agency on behalf of CITY, Plaintiffs will further amend their complaint to state the names, capacities and manner of participating in said wrongs of these unknown CITY employees and/or agents of CITY, as such becomes evident through the discovery process.

15. Plaintiffs are informed and believe that all Defendants designated herein as "DOES 26 THROUGH 40 (unknown individuals who were not employees of the CITY OF SANTA CRUZ)" were not at the pertinent time employees of Defendant CITY.

///

**FIRST CLAIM FOR RELIEF**
**Restraint of Trade in the Commercial Activity of**
**Teaching Surfing Skills at Cowell's Beach in Violation of**
**Sherman Anti-Trust Act (26 U.S.C. § 209 *et seq* - Treble Damages**
(Plaintiff New Santa Cruz Surf School, LLC, only,
against Defendant City of Santa Cruz only)

16. Paragraphs 1, 6, 8 and 9 are incorporated herein.

17. CITY is situated at the northern edge of Monterey Bay, with Monterey Bay to the south and the Pacific Ocean to the West. Among the popular beaches fronting Monterey Bay within CITY is Cowell's Beach. (Although technically a beach consists only of the sand or other materials above the water line, the term Cowell's Beach as used herein refers both to a beach in the technical sense and also to the portion of the adjoining "aquatic park" that consists of the wave activity enjoyed by surfers.) The waves landing upon the beach at Cowell's Beach is an appropriate site for the activity of teaching surfing skills.

5

18. Cowell's Beach is in the vicinity of the historic and very popular Santa Cruz Boardwalk.  Cowell's Beach also is the primary beach toward which municipal signs direct traffic seeking to go to "the beach."  These are among the factors that make Cowell's Beach the most advantageous site at which to attract and teach beginning surf students.  (There are other sites in the City of Santa Cruz and Santa Cruz County that present exciting challenges to advance surfers.)

19. When not obstructed by CITY from doing so, various private businesses, including Plaintiff NSCSS, teach surfing skills to adults and minors at Cowell's Beach for a profit.  NSCSS, and to the best of Plaintiffs' knowledge also these other private surfing schools, are all qualified to teach surfing skills in a manner that is safe and compatible with any standards relating such activity to the public welfare.

20. Defendant CITY regulates the activities of surf schools at Cowell's Beach through Chapter 13.14 ("Surf School Regulations") of the Santa Cruz Municipal Code (hereinafter SCMC).

21. Subdivision A of § 13.14.010 of SCMC states the general purpose of Chapter 13.14.  The first sentence of said Subdivision A reads as follows:

> The purpose of this chapter is to regulate commercial use, reduce conflicts among users, and promote public safety, health, welfare and enjoyment of the Cowell Beach Recreation Area and the adjacent neighborhood areas.

22. Subdivision D of § 13.14.010 of SCMC expressly prohibits any surf school from operating as such at Cowell's Beach without a "city authorized permit."  Said Subdivision D reads as follows:

> No surf school is allowed to operate, including providing instruction, training or caching in the Cowell Beach Recreation Area without a city authorized permit.

Subdivision A of § 13.14.010 of SCMC elaborates on this prohibition in its second sentence, which reads as follows:

6

*Meyberg et al vs. City of Santa Cruz, et al*    Case No. C-19-00700        First Amended Complaint

> The rules of this chapter shall apply to allow only surf schools which are authorized and have received a permit from the City of Santa Cruz parks and recreation department to operate in the Cowell Beach Recreation Area.

Subdivision A of § 13.14.030 ("Permit Required") of SCNC further reinforces the requirement that only those surf schools which hold a permit from the Parks and Recreation Department may teach surfing skills at Cowell Beach.  The first sentence said Subdivision A reads as follows:

> No surf school shall conduct instructions or any operations at Cowell Beach Recreation Area without first obtaining a permit to do so from the city parks and recreation department.

23. Subdivision C of § 13.14.010 of SCMC defines the term "surf school" as used in Chapter 13.14 as

> any person, business or other entity which, for compensation (including, but not limited to, payment, giving of goods, making a donation, barter, or other form of remuneration for work or services performed) provides instruction, training, or coaching to individuals on how to board surf, body surf, kayak surf, windsurf, kite surf, stand up paddle, or perform any other ocean or water sport entailing the use of sport-related equipment such as, but not limited to, boards, paddles or boats.

24. Subdivision B 2 of § 13.14.030 of SCMC provides various standards for the issuance of permits to applicants by the Parks and Recreation Department.

25. Plaintiff NSCSS is and at all pertinent times has been qualified to conduct surf school operations at Cowell's Beach according to the standards of Subdivision B 2 of § 13.14.010 of SCMC and any other standard referenced therein.

26. Plaintiffs are informed and believe that the University of California at Santa Cruz (hereinafter UCSC), which also conducts a program at Cowell's Beach instructing surf skills, is not treated as a "surf school" for purposes of Chapter 13.14 of SCMC nor are UCSC surf instruction activities at Cowell's Beach regulated by Chapter 13.14 of SCMC.

7

27. Subdivision A of 13.14.020 of SCMC regulates the number of surf school students who may utilize the waters of Cowell Beach "during any single period of time" to no more than 32.  Plaintiffs are informed and believe that surfing students instructed by UCSC are not included in this quota.  Any particular surf school with a proper permit may instruct any number of students up to 32 so long as the total number of "surf school" students (i.e., not including students of the UCSC program) in the water at any given time does not exceed 32.  If the total number of "surf school" students in the water at a given time exceeds 32, then each surf school with more than eight (8) students in the water at such time is in violation of Chapter 13.14 of SCMC.  Each surf school is required by Subdivision D of § 13.14.020 of SCMC to wear a distinctive uniform while in the water indicating from which surf school they are receiving instruction.  Instructors of each surf school also are required by Subdivision D of § 13.14.020 to wear a distinctive uniform while engaged in such instruction, which uniform identifies their surf school affiliation and their status as an instructor.

28. In addition to regulating the total number of students of surf schools allowed to be in the waters of Cowell Beach during the same period of time, Chapter 13.14 of SCMC limits the total number of surf schools which may receive permits.  Subdivision A of § 13.14.020 and Subdivision B 1 of § 13.14.030, of SCMC limit the total number of surf schools to which a permit may be issued for operation to four (4).

29. Plaintiff NSCSS has in each year since the adoption of Chapter 13.14 made application for a permit to conduct surf school operations at Cowell's Beach but, notwithstanding that it is qualified to do so under all applicable standards, CITY has never issued a permit to Plaintiff NSCSS to conduct operations as a surf school at Cowell's Beach.

30. Subdivision A of § 13.14.050 of SCMC provides criminal penalties (initially at infraction grade but depending on the number of violations within specified periods of time, can escalate to misdemeanor grade) for any person operating as a surf school at

8

Cowell's Beach without a permit from Defendant CITY. Other civil enforcement measures are also authorized by other subdivisions of § 13.14.050.

31. Plaintiffs are informed and believe that the restriction by Defendant CITY of the number of surf schools who may legally engage in surf school instruction to four is not pursuant to any California State program authorizing any restraint of trade in the commercial teaching of surfing skills, whether generally or at a particular beach. Thus, Defendant CITY does not and cannot qualify for any State exemption from the reach of the Sherman Anti-Trust Act (Title 26 of the United States Code - hereinafter 26 U.S.C. - § 209 *et seq,* with respect to its restraint of the market for instruction of surfing skills at Cowell's Beach.

32. Accordingly, Plaintiffs are informed and believe that the restriction by Defendant CITY by means of SCMC Chapter 13.14 of SCMC, and particularly Subdivisions A, C, and D of § 13.14.010, Subdivision A of § 13.14.020, Subdivision A and Subdivision B 1 of § 13.14.030 and § 13.14.050, violates the Sherman Anti-Trust Act (26 U.S.C. § 209 *et seq*).

33. By reason of the illegal cloud which Defendant CITY has imposed on the operation of a surf school by Plaintiff NSCSS at Cowell's Beach, the profits of Plaintiff NSCSS were drastically reduced subsequent to the adoption of SCMC 13.14. By 2018 Plaintiff NSCSS was compelled by economic and political circumstances flowing from said illegal constraints by Defendant CITY to entirely discontinue operating a surf school at Cowell's Beach. Plaintiff NSCSS has suffered substantial monetary damages in lost profits that would have been earned from the teaching of surfing skills had its activities not been illegally constrained, and ultimately eliminated from, Cowell's Beach. The amount of said damages will be established by proof at trial.

34. Plaintiff NSCSS is entitled to treble the amount of damages described in Paragraph 33 from Defendant CITY.

9

35. Pursuant to 15 U.S.C. § 15(a), Plaintiff NSCSS is entitled to an award of attorneys fees from Defendant CITY reasonably incurred to prosecute this First Claim of Relief against Defendant CITY.

///

**SECOND CLAIM FOR RELIEF**
**Conspiracy to Restrain Trade in the Commercial Activity of**
**Teaching Surfing Skills at Cowell's Beach in Violation of**
**Sherman Anti-Trust Act - Treble Damages**
(Plaintiff New Santa Cruz Surf School, LLC, only,
against Defendants City of Santa Cruz, Ed Guzman dba Club Ed,
and Does 1 through 12 and 26 through 30 only)

36. Paragraphs 1, 6 through 9, 11, 14, 15 and 17 through 33 are incorporated herein.

37. The last sentence of Subdivision B 1 of § 13.14.030 of SCMC reads as follows:

> The parks and recreation department shall establish standard forms and procedures for the issuance of surf school permits pursuant to a competitive process, such as a request for proposal.

Subdivision B 3 of § 13.14.030 of SCMC provides in pertinent part:

> Permits shall be issued based on a competitive process, such as a request for proposal.

38. Subdivision B 4 of § 13.14.030 of SCMC reads as follows:

> Permits will be awarded to the most qualified applicants, in consideration of the above factors.  The city shall also give priority to the city's surf school concessionaire or licensee in issuing the permits.

39. Plaintiffs are informed and believe that Subdivision B 4 of § 13.14.030 of SCMC is implemented so as to insure that the "city's surf school concessionaire or licensee," although required to meet the minimum standards for a permit, is not required to compete with other applicants for a permit to demonstrate it is among the four "most

10

qualified applicants," but rather automatically is issued a permit, leaving only three permits to be competed for by other qualified applicants to conduct surf school operations at Cowell's Beach.

40. The "city's surf school concessionaire or licensee" for all of the years since adoption by CITY of Chapter 13.14 of SCMC is and has been Defendant GUZMAN dba CLUB ED.

41. Plaintiffs are informed and believe Defendants CITY, GUZMAN, DOES 1 THROUGH 10, and DOES 26 THROUGH 30 conspired to accomplish the restraint of commercial trade described above and have in concert accomplished said restraint of trade.

42. Plaintiff NSCSS is entitled to treble the amount of damages described in Paragraph 33 from Defendants CITY, GUZMAN, DOES 1 THROUGH 10, and DOES 26 THROUGH 30 by reason of this Second Claim for Relief.

43. Pursuant to 15 U.S.C. § 15(a), Plaintiff NSCSS is entitled to an award of attorneys fees from Defendant CITY, GUZMAN, DOES 1 THROUGH 10, and DOES 26 THROUGH 30 for the prosecution of this Second Claim for Relief.

///

**THIRD CLAIM FOR RELIEF**
**Restraint of Trade**
**Concerning the Commercial Teaching of Surfing Skills**
**at Cowell's Beach - Injunctive Relief**
(Both Plaintiffs against only Defendants
City of Santa Cruz, Guzman, and
Does 1 through 10, in both their individual and respective official capacities,
and Does 26 through 30, as individuals)

44. Paragraphs 1, 3, 6 through 9, 11, 14, 15, 17 through 33, and 37 through 41 are incorporated herein.

45. Plaintiff MEYBERG, who is formerly a lifeguard for the CITY,  is qualified both as a highly skilled surfer and as a competent business entrepreneur to organize

11

and/or affiliate with an established surf school so as to meet all of the standards set out in Subdivision B 2 of § 13.14.030 of SCMC.

46. Unless restrained by this Court Defendants CITY, GUZMAN, DOES 1 THROUGH 10 and DOES 26 THROUGH 30 will continue to restrain competition in the instruction of surfing skills at Cowell's Beach in violation of the Sherman Anti-Trust Act to the continuing economic injury of Plaintiff NSCSS and potential economic injury of Plaintiff MEYBERG as he may organize or affiliate with other surf school(s).

47. Accordingly, Plaintiffs NSCSS and MEYBERG are entitled to injunctive relief from this Court requiring Defendant CITY, GUZMAN, DOES 1 THROUGH 10, as individuals and in their respective official capacities, and DOES 26 THROUGH 30, as individuals, to cease restraining trade in the teaching of surfing skills at Cowell's Beach and in particular to cease interfering with the commercial teaching of such skills by Plaintiff NSCSS at Cowell's Beach.

48. Pursuant to 15 U.S.C § 15(a), Plaintiff NSCSS is entitled to an award of attorney fees from Defendant CITY in connection the instant suit to obtain said injunctive relief.

///

**FOURTH CLAIM FOR RELIEF**
**Declaration that Provisions of**
**Subdivision A of § 13.14.020 and**
**Subdivision B 2 of § 12.14.030 of SCMC**
**Violate Sherman Anti-Trust Act (26 U.S.C. § 209 *et seq*)**
**Insofar as they Limit the Number of Permitted Surf Schools**
**Authorized to Compete for Students to Whom to Provide**
**Surfing Instruction at Cowell's Beach**
(Both Plaintiffs against Defendant City of Santa Cruz only)

49. Paragraphs 1, 3, 6 through 9, 17 through 33, 37 through 41, and 45 are incorporated herein.

12

50. Both Plaintiffs are entitled to a judgment of this Court that declares whether Subdivision A of § 13.14.020 and Subdivision B 1 of § 13.14.030 of SCMC insofar as they limit the number of permitted surf schools authorized to compete for students to whom to Provide Surfing Instruction at Cowell's Beach, violates the Sherman Anti-Trust Act.

51. Pursuant to 15 U.S.C. § 15(a), both Plaintiffs are entitled to an award of attorney fees against Defendant CITY for the prosecution of this Fourth Claim for Relief. ///

**FIFTH CLAIM FOR RELIEF**
**Violation of Subdivision B 2 of § 13.14.030 of SCMC - Damages**
(only Plaintiff New Santa Cruz Surf School, LLC, against
only Defendants City of Santa Cruz and Carol Scurich, individually)

52. Paragraphs 5, 6, 8 through 10, and 17 through 25, 28 through 30, 33 and 37 are incorporated herein.

53. Plaintiffs are informed and believe that Santa Cruz Department of Parks and Recreation complied with its duty pursuant to Subdivision B 1 of § 13.14.020 to "establish standard forms" to be utilized by applicants for a permit to operate a surf school at Cowell's Beach.

54. Each year from 2014 through 2018 Plaintiff NSCSS (in the person of Plaintiff MEYBERG) made timely request to Parks and Recreation Department for a form upon which to apply for a permit to operate a surf school at Cowell's Beach.

55. Each year from 2014 through 2018 said Parks and Recreation Department failed and refused on each such occasion to issue said application form to either Plaintiff NSCSS or Plaintiff MEYBERG.

56. The first sentence of Subdivision B 2 of § 13,14,030 of SCMC reads as follows:

> The parks and recreation department shall review all timely submitted surf school permit applications.

13

57. Notwithstanding the failure and refusal of Parks and Recreation Department to issue Plaintiff NSCSS or Plaintiff MEYBERG the standard form with which to apply for a permit to operate a surf school at Cowell's Beach, Plaintiff NSCSS submitted each year from 2014 through 2018 such information as Plaintiffs understood to be required by Parks and Recreation Department to assess whether Plaintiff NSCSS was qualified for a permit to operate a surf school at Cowell's Beach and where Plaintiff NSCSS would rank among the "most qualified" applicants for such a permit.  Plaintiff NSCSS also submitted with each such attempted application the $1,000.00 application fee.  Plaintiff NSCSS also submitted with each such attempted application proof of the requisite insurance for a surf school to operate at Cowell's Beach.

58. Plaintiffs are informed and believe that each year from 2014 through 2018 said Department of Parks and Recreation failed and refused to  process and review such materials as Plaintiff NSCSS had submitted as its application for a permit to operate a surf school at Cowell's Beach.

59. Plaintiffs are informed and believe that such failure and refusal of Parks and Recreation Department to issue the standard application form to Plaintiffs NSCSS and MEYBERG and the further failure and refusal of Parks and Recreation Department to process and review such application papers and supporting documents (with payment of application fee) amounts to violations in each such year of the duty of Defendant CITY to have Parks and Recreation Department comply with its duty to "review all timely submitted surf school permit applications" pursuant to Subdivision B 2 of § 13.14.020.

60. Plaintiffs are informed and believe that Defendant SCURICH is personally responsible for directing in her capacity as Director of Parks and Recreation Department that no standard forms be supplied to either Plaintiff  for the purpose of applying for a permit to operate a surf school on Cowell's Beach and that no attempted application submitted by either Plaintiff, albeit timely tendered and accompanied by all of the

14

required information, supporting documentation, and appropriate fee, be reviewed and lawfully processed by said Department.

61. Under California law Defendants CITY and SCURICH are liable to Plaintiff NSCSS for compensatory damages for loss of profit in an amount to be shown at trial by reason of its illegal obstruction of the ability of Plaintiff NSCSS to obtain a permit to operate a surf school at Cowell's Beach.

///

**SIXTH CLAIM FOR RELIEF**
**Violation of Subdivision B 2 of § 13.14.030 of SCMC - Mandamus Relief**
(Both Plaintiffs against only Defendants City of Santa Cruz and
Carol Scurich, in her capacity as Director of Santa Cruz City Department of
Parks and Recreation)

62. Paragraphs 5 through 10, 12, and 17 through 25, 28 through 30, 33, 37, 45 and 53 through 60 are incorporated herein.

63. Under California law both Plaintiffs are entitled to mandamus relief compelling Defendants CITY and SCURICH to supply either of them, upon a timely request of Parks and Recreation Department therefor, with the standard form(s) for application for a permit to operate a surf school at Cowell's Beach.

64. Under California law both Plaintiffs are entitled to mandamus relief compelling Defendants CITY and SCURICH, through Parks and Recreation Department, to review any complete application made for a permit to operate a surf school on Cowell's Beach that may be timely submitted by either Plaintiff and that is accompanied by proper supporting documentation and the appropriate fee. Plaintiffs do not have an adequate remedy at law.

///
///
///
///

15

**SEVENTH CLAIM FOR RELIEF**
**Deprivation of Liberty to Engage in Business of**
**Teaching of Surfing Skills at Cowell's Beach**
**Without Procedural Due Process of Law Guaranteed by the**
**Fourteenth Amendment to U. S. Constitution and**
**Article I, § 7, of the California Constitution - Damages**
(only Plaintiff New Santa Cruz Surf School, LLC,
against only Defendants City of Santa Cruz,
Carol Scurich, as an individual, and Does 1 through 3, as individuals)

65. Paragraphs 2, 5, 6, 8 through 10, 12 and 17 through 25, 28 through 30, 37 through 41, 53 through 60 are incorporated herein.

66. Defendants CITY, SCURICH and DOES 1 THROUGH 3 not only violated Subdivision B 2 of § 13.14.040 of SCMC, but Plaintiffs are informed and believe that Defendants CITY, SCURICH, and DOES 1 THROUGH 3 so completely obstructed the ability of Plaintiff NSCSS to tender an application to CITY for a permit to operate as surfing school at Cowell's Beach and to have such application lawfully processed as to constitute a deprivation of liberty without procedural due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of Article I, § 7, of the California Constitution.

67. Plaintiffs are informed and believe that had any of the applications of Plaintiff NSCSS been lawfully received and reviewed by Parks and Recreation Department, there would have resulted a finding that Plaintiff NSCSS was amongst the most qualified of the applicants for a permit to operate a surf school at Cowell's Beach and would have ranked sufficiently high among applicants so as to have been issued one of the three permits allowed to a surf school that is not a concessionaire of CITY, so that a permit to operate a surf school at Cowell's Beach would have been issued to Plaintiff NSCSS.

68. Plaintiffs are informed and believe that given the initial processing of applications for permits to operate a surf school on Cowell's Beach is committed by Santa Cruz CITY ordinance to Parks and Recreation Department, and given the control of

16

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700        First Amended Complaint

Defendant SCURICH over said Department, the willful exercise of power and authority by Defendant SCURICH over said Department makes these violations of the federal and California constitutional procedural due process rights of Plaintiff NSCSS a matter of official CITY policy.

69. The principles of federal and California procedural due process that were violated by Defendants CITY and SCURICH were clearly and amply established prior to said unconstitutional acts of CITY and SCURICH in this case.

70. Accordingly, pursuant to 42 U.S.C. § 1983 and California law Plaintiff NSCSS is entitled to compensatory damages in an amount to be shown at trial from Defendants CITY and SCURICH for loss of profits proximately caused by said deprivation of procedural due process.

71. Plaintiffs are also informed and believe that said deprivation of constitutional procedural due process in these instances were so egregious that Plaintiff NSCSS is also entitled to an award of punitive damages against Defendant SCURICH in her individual capacity.

72. Pursuant to 42 U.S.C. § 1988 Plaintiff NSCSS is entitled to an award of attorney fees from Defendants CITY, SCURICH, as an individual, and DOES 1 THROUGH 3, as individuals, for the prosecution of that aspect of this Seventh Claim for Relief that pertains to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

///
///
///
///
///
///

17

**EIGHTH CLAIM FOR RELIEF**
**Deprivation of Liberty to Engage in Business of**
**Teaching of Surfing Skills at Cowell's Beach**
**Without Procedural Due Process of Law Guaranteed by the**
**Fourteenth Amendment to U. S. Constitution and**
**Article I, § 7, of the California Constitution - Injunctive Relief**
(only Plaintiff New Santa Cruz Surf School, LLC
against only Defendants City of Santa Cruz,
Carol Scurich, as an individual and in her capacity as Director of Parks and Recreation,
and Does 1 through 3, as individuals and in their respective official capacities)

73. Paragraphs 2, 5, 6through 10, 12 and 17 through 25, 28 through 30, 37 through 41, 45, 53 through 60, and 66 through 68 are incorporated herein.

74. Plaintiffs are informed and believe that unless restrained by an injunction from this Court Defendants CITY, SCURICH, and DOES 1 THROUGH 3 will continue to refuse to issue standard forms to either Plaintiff when timely requested and will continue to fail and refuse to process and review materials submitted by either Plaintiff as an application for a permit to operate a surf school at Cowell's Beach, notwithstanding the duty of CITY, SCURICH and DOES 1 THROUGH 3 to do so.

75. Accordingly, both Plaintiffs are entitled to injunctive relief from this Court prohibiting the refusal of Defendants CITY, SCURICH, in her capacity as Director of Parks and Recreation Department, and/or DOES 1 THROUGH 3, in their respective official capacities, to issue upon timely request whatever standard form CITY requires be completed to apply for a permit to operate a surf school at Cowell's Beach.

76. Accordingly, both Plaintiffs are also entitled to injunctive relief from this Court prohibiting the failure and/or refusal of Defendants CITY, SCURICH, in her capacity of Director of Parks and Recreation Department, and/or DOES 1 THROUGH 3, in their respective official capacities, to review and process whatever information is timely submitted as an application for a permit to operate a surf school at Cowell's Beach so long as such application contains all of the supporting documentation which is

18

reasonably required and the necessity of which the appropriate Plaintiff has been given adequate notice, and also so long as such Plaintiff also timely pays the appropriate application fee.

77. Pursuant to 42 U.S.C. § 1988 both Plaintiffs are entitled to an award of attorney fees necessary to prosecute so much of this Eighth Claim for Relief that pertains to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

///

**NINTH CLAIM FOR RELIEF**
**Denial of Equal Protection of the Law to Engage in Business of**
**Teaching of Surfing Skills at Cowell's Beach**
**Guaranteed by the Fourteenth Amendment to U. S. Constitution**
**and by Article I, § 7, of the California Constitution - Damages**
(only Plaintiff New Santa Cruz Surf School, LLC
against only Defendants City of Santa Cruz and
Carol Scurich, as an individual, and
Does 1 through 3, in their individual capacities)

78. Paragraphs 2, 5, 6, 8 through 10, 12 and 17 through 25, 28 through 30, 37 through 41, 53 through 60, 67 and 68 are incorporated herein.

79. During the period of 2014 through 2018 Parks and Recreation Department issued the forms upon which to apply for a permit to operate a for-profit business in various parks and beaches of CITY, including for a permit to operate a surfing school at Cowell's Beach.

80. During the period of 2014 through 2018 Parks and Recreation Department issued one or more permits to operate a surfing school at Cowell's Beach.

81. Plaintiffs are informed and believes that Plaintiff NSCSS is at least as qualified to operate a surfing school at Cowell's Beach than any of the other surf schools operating under such a permit at Cowell's Beach which is not a concessionaire of CITY. Plaintiffs are informed and believe that said concessionaire (GUZMAN dba CLUB ED) could be

19

considered "more qualified" than Plaintiff NSCSS only in the sense that GUZMAN dba CLU ED is given "priority" as a matter of law by Subdivision B 4 of § 13.14.030 of SCMC.

82. Moreover, Plaintiff NSCSS is informed and believes that neither CITY nor SCURICH nor any other employee of Parks and Recreation Department had any lawful reason for treating the attempts of Plaintiff NSCSS differently from any other applicant (with the exception of GUZMAN dba CLUB ED).

83. Plaintiffs are informed and believes that this disparate treatment of Plaintiff NSCSS from other applicant(s) (excluding GUZMAN dba CLUB ED) for a permit to operate a surfing school at Cowell's Beach is a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and of the Equal Protection Clause of Article I, § 7, of the California Constitution.

84. Plaintiff NSCSS is entitled to an award of damages in an amount to be shown at trial from Defendant CITY to compensate for the lost profits due to the denial of equal protection alleged herein.

85. The principles of law concerning said constitutional equal protection violated by Defendants SCURICH and DOES 1 THROUGH 3 alleged in this Ninth Claim for Relief were well-established prior to each of said violations by Defendants SCURICH and DOES 1 THROUGH 3.  Plaintiff NSCSS is entitled to an award of compensatory damages in an amount to be shown at trial from Defendants SCURICH, as an individual, and DOES 1 THROUGH 3, as individuals, by reason of said Equal Protection Clauses of the federal and California Constitutions.

86. Plaintiff NSCSS is also entitled to an award of exemplary damages against Defendants SCURICH, as an individual, and DOES 1 THROUGH 3, as individuals, by reason of their egregious violation of said Equal Protection Clauses.

87. Pursuant to 42 U.S.C. § 1988 Plaintiff NSCSS also is entitled to an award of attorney fees against Defendants CITY, SCURICH, as an individual, and DOES 1

20

THROUGH 3, as individuals, for the prosecution of so much of this Ninth Claim for Relief as pertains to the assertion of rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution..

///

**TENTH CLAIM FOR RELIEF**
**Denial of Equal Protection of the Law to Engage in Business of**
**Teaching of Surfing Skills at Cowell's Beach**
**Guaranteed by the Fourteenth Amendment to U. S. Constitution**
**and by Article I, § 7, of the California Constitution - Injunctive Relief**
(both Plaintiffs against only Defendants City of Santa Cruz,
Carol Scurich, as an individual and as Director of Parks and Recreation,
and Does 1-3, as individuals and in their respective official capacities)

88. Paragraphs 2, 5, 6 through 10, 12 and 17 through 25, 28 through 30, 37 through 41, 45, 53 through 60, 67, 68, 79 through 83 are incorporated herein..

89. Plaintiffs NSCSS and MEYBERG are entitled to an injunction against Defendants CITY, SCURICH, in her capacity as Director of Parks and Recreation Department, and DOES 1 THROUGH 3, in their respective official capacities, prohibiting any of said Defendants from treating any timely request for application forms related to a permit to operate a surf school on Cowell's Beach from either Plaintiff in a manner different than a request from any other person.

90. Plaintiffs NSCSS and MEYBERG also are entitled to an injunction against Defendants CITY, SCURICH, in her capacity as Director of Parks and Recreation Department, and DOES 1 THROUGH 3, in their respective official capacities, preventing any of them from treating an application timely submitted by either Plaintiff for a permit to operate a surf school at Cowell's Beach any differently than an application from any other applicant (other than an application from Defendant GUZMAN dba CLUB ED), when such application is supported by the required documentation and is accompanied by the appropriate application fee, without good legal cause to do so.

21

91. Pursuant to 42 U.S.C. § 1988 both Plaintiffs are entitled to an award of attorney fees from Defendants CITY, SCURICH, as an individual, and DOES 1 THROUGH 3, as individuals, for the prosecution of so much of this Tenth Claim for Relief as pertains to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

///

**ELEVENTH CLAIM FOR RELIEF**
**Assault and Battery - Damages**
(only Plaintiff David Meyberg against
only Defendants Ed Guzman dba Club Ed and Doe 26, as an individual)

92. Paragraphs 5 through 7, 11, 15, 17 and 18 are incorporated herein.

93. On June 27, 2017 while Plaintiff MEYBERG was in the waters of Cowell's Beach instructing students of Plaintiff NSCSS, Defendant DOE 26 grabbed the surf board of Plaintiff MEYBERG. When Plaintiff MEYBERG directed Defendant DOE 26 not to touch his surf board, DOE 26 grabbed the arm of Plaintiff MEYBERG. When Plaintiff MEYBERG wrested his arm loose from the grip of Defendant DOE 26, Defendant DOE 26 repeatedly splashed salt water into the face and eyes of Plaintiff MEYBERG.

94. Plaintiff MEYBERG is informed and believes that Defendant DOE 26 was on such occasion an employee of Defendant GUZMAN dba CLUB ED.

95. Plaintiff MEYBERG suffered mild physical damage and significant emotional upset from said assaults and batteries, in an amount to be shown by proof at trial, as well as public humiliation in front of his students.

96. Plaintiff MEYBERG is entitled to compensatory damages in an amount to be shown at trial for said assault and battery from Defendants GUZMAN dba CLUB ED and DOE 26.

97. Plaintiff MEYBERG is also entitled to punitive damages for said assault and battery from Defendants GUZMAN dba CLUB ED and DOE 26.

22

**TWELFTH CLAIM FOR RELIEF**
**Denial of Equal Protection of the Law with respect to Personal Physical Security**
**in Violation of Federal and California Constitutions - Damages**
(only Plaintiff David Meyberg against
only Defendants City of Santa Cruz, Officer Eldridge, as an individual,
and Does 4-6, as individuals)

98. Paragraphs 2, 5 through 7, 15, 17, 18 and 93 through 95 are incorporated herein.

99. Still and video photographs were taken of said June 27, 2017 incident of assault and battery by a parent of one of the students of Plaintiff NSCSS.

100. Shortly after said June 27, 2017 incident of assault and battery upon Plaintiff MEYBERG by Defendant DOE 26, Plaintiff MEYBERG approached Defendant ELDRIDGE and reported said assault and battery. Defendant ELDRIDGE initially responded with the remark that MEYBERG did not belong there because his surf school was illegal. Plaintiff MEYBERG also presented the photographic evidence to Defendant ELDRIDGE, and only after much perseverance by Plaintiff MEYBERG was Defendant ELDRIDGE willing to prepare a report.

101. At some point said police report of Defendant ELDRIDGE was forwarded to the Office of District Attorney of Santa Cruz County (District Attorney). Ultimately, District Attorney declined to prosecute Defendant DOE 26 in connection with said June 27, 2017 assault and battery incident.

102. Plaintiff MEYBERG resolved to determine the contents of the police report prepared by Defendant ELDRIDGE so that he could determine whether such report was a fair account of the event and whether any corrections or additions to such report might affect the exercise of prosecutorial discretion by District Attorney.

103. Plaintiff MEYBERG sought from Police Department a copy of the police report prepared by Defendant ELDRIDGE in connection with the June 27, 2017 incident of assault and battery upon Plaintiff MEYBERG by Defendant DOE 26.

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

104. Police Department refused and still refuses to provide Plaintiff MEYBERG a copy of the police report submitted to District Attorney, even though as an alleged victim referred to in said police report, California law entitles Plaintiff MEYBERG to a copy of said police report.  Plaintiffs are informed and believe that DOES 4-6 are in some manner responsible for the refusal of Police Department to provide Plaintiff Meyberg with a copy of said police report.

105. Plaintiffs are informed and believe that Defendants CITY, ELDRIDGE, and DOES 4-6 have determined to deny both Plaintiffs equal protection of the law from violation of the personal security of Defendant MEYBERG and of any employee or student of Plaintiff NSCSS.

106. Plaintiffs are informed and believe that this withholding of equal protection of the law from Plaintiffs MEYBERG and the employees and students of Plaintiff NSCSS is a violation of the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and of Article I,

106. Both Plaintiff MEYBERG and Plaintiff NSCSS have been damaged by said denial of equal protection of the law.  Plaintiff MEYBERG has been damaged in that he does not feel physically secure when he is on Cowell's Beach; Plaintiff NSCSS has been damaged in that the threat to its employees and students has made it not infeasible to operate a surf school on Cowell's Beach, even in the absence of a City action to test the legality of its exclusion in a court of law.

107. Plaintiffs are informed and believe that the Equal Protection principles applicable hereto were established and clear prior to June 17, 2017.

108 Both Plaintiffs are entitled to compensatory damages in an amount to be shown at trial from Defendants CITY, ELDRIDGE, individually, and DOES 4 THROUGH 6, individually.

109. Both Plaintiffs are entitled to punitive damages from Defendants ELDRIDGE, individually, AND does 4-6, individually.

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700        First Amended Complaint

110. Pursuant to 42 U.S.C. § 1988 both Plaintiffs are entitled to an award of attorney fees from Defendants CITY, ELDRIDGE, and DOES 4 THROUGH 6 for the prosecution of this Twelfth Claim for Relief as it pertains to rights to equal protection under the Fourteenth Amendment to the United States Constitution.

///

### THIRTEENTH CLAIM FOR RELIEF
**Denial of Equal Protection of the Law with respect to Personal Physical Security
in Violation of Federal and California Constitutions - injunctive Relief**
(both Plaintiffs against
only Defendants City of Santa Cruz,
Officer Eldridge, as an individual and in his official capacity,
and Does 4-6, as individuals and in their respective official capacities)

111. Paragraphs 2, 5 through 7, 15, 17, 18, 93 through 95 and 99 through 106 are incorporated herein.

112. Plaintiffs are informed and believe that unless enjoined by this Court, Defendants CITY, ELDRIDGE and DOES 4-6, will continue to invidiously discriminate against Plaintiffs MEYBERG and NSCSS with respect to protection of the physical security of Plaintiff MEYBERG and of the employees and students of Plaintiff NSCSS.

113. Accordingly, both Plaintiffs are entitled to injunctive relief from this Court against Defendants CITY, ELDRIDGE and DOES 4-6, prohibiting them from withholding law enforcement protection from either Plaintiff MEYBERG, or any employee of Plaintiff NSCSS or any student of Plaintiff NSCSS if such law enforcement protection would be provided to another individual facing circumstances similar to that faced by Plaintiff MEYBERG or if such law enforcement protection would be provided to an employee or student of any other surf school facing circumstances similar to that faced by an employee or student of Plaintiff NSCSS.

114. Pursuant to 42 U.S.C. § 1988 both Plaintiffs are entitled to an award of attorney fees from Defendants CITY, ELDRIDGE, and DOES 4-6, for the prosecution of

*Meyberg et al vs. City of Santa Cruz, et al*    Case No. C-19-00700        First Amended Complaint

this Thirteenth Claim for Relief as it pertains to the protection of rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

///

### FOURTEENTH CLAIM FOR RELIEF
#### Violation of California Constitutional Right (Article X, § 4) of Beach Access - Conspiracy - Damages
(both Plaintiffs against only Defendants
City of Santa Cruz, Ed Guzman dba Club Ed,
Carol Scurich, as an individual, Officer Eldridge, as an individual,
Adam Baker, as an individual, Rick Martinez, as an individual,
Does 1-10, as individuals, and Doe 26-34, as individuals)

115. Paragraphs 5 through 12, 14, 15, 17 through 30, 33, 37 through 41, 53 through 60, 67, 68, and 79 through 82, 93 through 95, and 99 through 105 are incorporated herein.

116. Section 4 or Article X of the California Constitution provides a guarantee of reasonable public access to the waters and shores of California.

117. The role of Defendant BAKER in said conspiracy includes citing Plaintiff MEYBERG for a violation of § 13.14.030 of SCMC without any intention that said citation would be submitted to a court for adjudication.

118. The standards for issuance or denial of a permit to operate a surf school on Cowell's Beach includes Subdivision B 2 c of § 13.14.030 of SCMC, which reads as follows:

> Whether the applicant and/or applicant's agents associated with applicant's surf school activities have ever violated this chapter, or the terms of a surf school perit or had the same or similar type of permit suspended or revoked[.]

119. Plaintiffs are informed and believe that the purpose of said citation by Defendant BAKER without any intention of permitting a judicial resolution of the merits of said citation was to provide, in the event Plaintiffs or either of them, succeeded in compelling consideration of a permit application to operate a surf school at Cowell's

Beach, that there would be a *prima facie* record of Plaintiff MEYBERG, who also is an "agent associated with [Plaintiff NSCSS's] surf school," a formal record of an alleged "violat[ion] of ... chapter [13.14]" so as to provide a purported basis for denying any such permit to either Plaintiff.

120. Plaintiffs are informed and believe that the role of Defendant MARTINEZ in said conspiracy included investigating the identity of parents of minor students of Plaintiff NSCSS, including conspicuously writing down the license plate numbers of their vehicles, so as to intimidate them from allowing their children to be students of the surf school of Plaintiff NSCSS at Cowell's Beach.

121. Plaintiffs are informed and believe that Defendants DOES 1 THROUGH 10 and DOES 27 TRHOUGH 34 have some role in said conspiracy the specifics of which are yet unknown to Plaintiffs.

122. Plaintiffs  are informed and believe said California Constitutional right of access to the use and enjoyment of the shore waters at Cowell's Beach were violated by the referenced acts, accomplished in concert with one another..

123. Plaintiffs NSCSS is entitled under California law to compensatory damages in an amount to be shown at trial against Defendants CITY, GUZMAN dba CLUB ED, SCURICH, individually, ELDRIDGE, individually, BAKER, individually, MARTINEZ, individually, DOES 1 THROUGH 10, individually, and 26 through 34, individually, for said violation of said California Constitutional right of access to the seashore at Cowell's Beach.

///

///

///

///

///

27

# FIFTEENTH CLAIM FOR RELIEF
## Violation of California Constitutional Right (Article X, § 4) of Beach Access - Injunctive Relief
(both Plaintiffs against only Defendants
City of Santa Cruz, Ed Guzman dba Club Ed,
Carol Scurich, as an individual and in her capacity as Director of Parks and Recreation,
Officer Eldridge, as an individual and in his official capacity,
Adam Baker, as an individual and in his official capacity,
Rick Martinez, as an individual,
Does 1-10, as individuals and in their respective official capacities, and
Does 26-34, as individuals)

124. Paragraphs 5 through 12, 14, 15, 17 through 30, 33, 37 through 41, 53 through  60,  67, 68, and 79 through 82, 93 through 95, 99 through 105, and 116 through 122 are incorporated herein.

125. Plaintiffs are informed and believe that unless enjoined by this Court Defendants CITY, GOMEZ dba CLUB ED, SCURICH, ELDRIDGE, BAKER, MARTINEZ, DOES 1 THROUGH 10, and DOES 26 THROUGH 34 will continue to obstruct the reasonable access of both Plaintiffs to Cowell's Beach.

126. Accordingly, both Plaintiffs are entitled to injunctive relief against Defendants CITY, GOMEZ dba CLUB ED, SCURICH, ELDRIDGE, BAKER, MARTINEZ, DOES 1 THROUGH 10, and DOES 26 THROUGH 34, enjoining them from further obstructing them from interfering with the reasonable access of both Plaintiffs, or either of them, to Cowell's Beach, said injunctive relief to include specific relief prohibiting the citation of either Plaintiff without the intent that such citation will be presented to a proper judicial or administrative forum for resolution, before which the affected Plaintiff may be heard, and such injunctive relief also to include prohibition of conspicuous investigation of any student or parent of a student of Plaintiff NSCSS without reasonable suspicion that such student or parent of such student is engaged in an illegal activity or has evidence of an illegal activity.

///

### SIXTEENTH CLAIM FOR RELIEF
### Violation of Common Law Public Trust of
### Public Shoreline for Commercial and Recreational Purposes
### - Damages
(both Plaintiffs against only Defendants
City of Santa Cruz, Ed Guzman dba Club Ed,
Carol Scurich, as an individual, Officer Eldridge, as an individual,
Adam Baker, as an individual, Rick Martinez, as an individual,
Does 1-10, as individuals, and Does 26-34, as individuals)

127. Paragraphs 5 through 12, 14, 15, 17 through 30, 33, 37 through 41, 53 through 60, 67, 68, and 79 through 82, 93 through 95, 99 through 105, and 116 through 122 are incorporated herein.

128. Plaintiffs are informed and believe that California law includes adoption of the Common Law doctrine of public trust assuring all members of the pubic that they may use the shore of the California coast for appropriate commercial and recreational purposes.

129. Plaintiffs are informed and believe that said public trust may not be encroached upon by Municipal government, at least in the absence of California legislation demarcating the manner in which municipal interests will be balanced against preservation of such public trust.

130. California law provides standing to any affected member of the public to enforce said public trust.

131. Accordingly, both Plaintiffs are entitled to compensatory damages in an amount to be shown at trial against Defendants CITY, GUZMAN dba CLUB ED, SCURICH, individually, ELDRIDGE, individually, BAKER, individually, MARTINEZ, individually, DOES 1 THROUGH 10, individually, and 26 through 34, individually, for said violation of said public trust.

///

///

29

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

**SEVENTEENTH CLAIM FOR RELIEF**
**Violation of Common Law Public Trust of**
**Public Shoreline for Commercial and Recreational Purposes**
**- Injunctive Relief**
(both Plaintiffs against only Defendants
City of Santa Cruz, Ed Guzman dba Club Ed,
Carol Scurich, as an individual and as Director of Parks and Recreation,
Officer Eldridge, as an individual and in his official capacity,
Adam Baker, as an individual and in his official capacity,
Rick Martinez, as an individual and in his official capacity,
Does 1-10, as individuals and in their respective official capacities,
and Does 26-34, as individuals)

132. Paragraphs 5 through 12, 14, 15, 17 through 30, 33, 37 through 41, 53 through 60, 67, 68, and 79 through 82, 93 through 95, 99 through 105, 116 through 122 and 128 through 130 are incorporated herein.

133. Accordingly, both Plaintiffs are entitled to injunctive relief against Defendants CITY, GOMEZ dba CLUB ED, SCURICH, ELDRIDGE, as an individual and in his official capacity, BAKER, as an individual and in his official capacity, MARTINEZ, as an individual and in his official capacity, DOES 1 THROUGH 10, as individual and in their respective official capacities, and DOES 26 THROUGH 34, as individuals and in their respective official capacities, enjoining them from further obstructing them from interfering with the enjoyment by both Plaintiffs of their entitlement to the benefits of said public trust of the coastal shoreline of California, including at Cowell's Beach for appropriate commercial and recreational use of such coastal shoreline, said injunctive relief to include specific relief prohibiting the citation of either Plaintiff without the intent that such citation will be presented to a proper judicial or administrative forum for resolution, before which the affected Plaintiff may be heard, and such injunctive relief also to include prohibition of conspicuous investigation of any student or parent of a student of Plaintiff NSCSS without reasonable suspicion that such

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

1    student or parent of such student is engaged in an illegal activity or has evidence of an

2    illegal activity.

3    ///

4                              **EIGHTEENTH CLAIM FOR RELIEF**
                                  **Abridgment of Free Speech Rights**
5              **Guaranteed by the Fourteenth Amendment to U. S. Constitution**
                **and by Article I, § 2(a), of the California Constitution - Damages**
6                               (both Plaintiffs against only Defendants
7                               City of Santa Cruz, Ed Guzman dba Club Ed,
                          Carol Scurich, individually, Officer Eldridge, individually,
8                          Adam Baker, individually, Rick Martinez, individually,
                           Does 1-10, as individuals, and Doe 26-34, individually)
9

10        134.  Paragraphs 2, 5 through 12, 14, 15, 17 through 30, 33, 37 through 41, 53

11   through  60,  67, 68, and 79 through 82, 93 through 95, 99 through 105, 116 through 122,

12   and 128 through 130 are incorporated herein.

13        135. Defendant CITY, presumably in significant deference to the California

14   Constitutional right of public beach access as well as the California adoption of the

15   Common Law doctrine of the public trust of the coastal shoreline for appropriate

16   commercial and recreational purposes, generally makes access to such coastal shoreline

17   to both the general public and to commercial enterprises that do not interfere with other

18   rights of the public, including that shoreline located at Cowell's Beach.

19        136. However, Defendant CITY makes an exception to one class of commercial

20   enterprise and commercial entrepreneurs if they engage in a particular form of speech.

21   That form of speech is instruction on the skills and safety measures associated with any

22   form of surfing that utilize boards, paddles, etc..  It is not the practice of such surfing that

23   is prohibited, but rather the teaching of such skills for compensation that is prohibited.

24        137. Defendant CITY, by adoption and non-judicial enforcement of Chapter 13.14

25   of the SCMC, has officially determined that it has the right to confine such speech to its

26   selected concessionaire (Defendant GUZMAN dba CLUB ED) and three other surf

27                                              31

28   *Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

schools of its own selection.  Any other person who attempts to engage in that form of speech which can be characterized as instruction that can be characterized as pertaining to either the skills or safety measures associated with surfing is declared illegal if done for compensation, and suppressed through various non-judicial measures, ranging from the formal adoption of Chapter 13.14 of the SCMC to a systematic policy of refraining from enforcing criminal laws that are intended to deter violence against the physical security of individuals.

138. Plaintiffs are informed and believe that the above policy and practices violate the Free Speech Clause of the First Amendment to the United States Constitution as incorporated into the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and also the Free Speech Clause of Article I, § 2(a), of the California Constitution.

139.  The principle that government may not censor speech on the basis of content was well established prior to the adoption of Chapter 13.14 of the SCMC by Defendant CITY.

140. Accordingly, both Plaintiffs are entitled to compensatory damages in an amount to be shown at trial against Defendants CITY, GUZMAN dba CLUB ED, SCURICH, individually, ELDRIDGE, individually, BAKER, individually, MARTINEZ, individually, DOES 1 THROUGH 10, individually, and DOES 26 THROUGH 34, individually.

141. Plaintiffs are also entitled to punitive damages against Defendants GUZMAN dba CLUB ED, SCURICH, individually, ELDRIDGE, individually, BAKER, individually, MARTINEZ, individually, DOES 1 THROUGH 10, individually, and DOES 26 THROUGH 34, individually.

142. Pursuant to 42 U.S.C. § 1988 Plaintiffs are entitled to attorney fees from the Defendants listed in Paragraph 140.

///

32

**NINETEENTH CLAIM FOR RELIEF**
**Abridgment of Free Speech Rights**
**Guaranteed by the Fourteenth Amendment to U. S. Constitution**
**and by Article I, § 2(a), of the California Constitution -Injunctive Relief**
(both Plaintiffs against only Defendants
City of Santa Cruz, Ed Guzman dba Club Ed,
Carol Scurich, as an individual and as Director of Parks and Recreation,
Officer Eldridge, as an individual and in his official capacity,
Adam Baker, as an individual and in his official capacity,
Rick Martinez, as an individual and in his official capacity,
Does 1-10, as individuals and in their respective official capacities,
and Does 26-34, as individuals)

143. Paragraphs 2, 5 through 12, 14, 15, 17 through 30, 33, 37 through 41, 53 through 60, 67, 68, and 79 through 82, 93 through 95, 99 through 105, 116 through 122, 128 through 130, and 135 through 138 are incorporated herein.

144. Accordingly, both Plaintiffs are also entitled to injunctive relief from this Court against Defendants City of Santa Cruz, Ed Guzman dba Club Ed, Carol Scurich, as an individual and as Director of Parks and Recreation, Officer Eldridge, as an individual and in his official capacity, Adam Baker, as an individual and in his official capacity, Rick Martinez, as an individual and in his official capacity, Does 1-10, as individuals and in their respective official capacities, and Does 26-34, as individuals. Said injunctive relief would prohibit restraining either Plaintiff from instructing students in the skills and safety measures appropriate to various forms of surfing, including at Cowell's Beach, even if such instruction is done for compensation. Said injunctive relief would not prohibit Defendant CITY or its employees or agents from preventing any person, whether for compensation or not, taking or accompanying either minors or adults into the sea, providing such restrictions were pursuant to reasonable standards that were uniformly applied and not limited to a quota of persons who were deemed to be so qualified.

///

*Meyberg et al vs. City of Santa Cruz, et al*    Case No. C-19-00700        First Amended Complaint

**TWENTIETH CLAIM FOR RELIEF**
**Deprivation of Liberty to Engage in Business of**
**Teaching of Surfing Skills at Cowell's Beach**
**in Violation of Substantive Due Process of Law Guaranteed by the**
**Fourteenth Amendment to U. S. Constitution and**
**Article I, § 7, of the California Constitution - Damages**
(only Plaintiff New Santa Cruz Surf School, LLC,
against only Defendant City of Santa Cruz)

145. Paragraphs 2, 5, 8 through 10, 12 and 17 through 26, 28 through 30, 37 through 41, and 53 through 60 are incorporated herein.

146. Plaintiff NSCSS instructs both adult and minor students.  Minor students are accepted into enrollment only with the consent of their parent(s) or guardian.

147. Plaintiffs are informed and believe that parents and guardians of minors have the substantive Due Process right to select which school is appropriate for the education of children under their primary care, providing that such school is qualified to and actually does teach in compliance with standards set by the appropriate governmental authority.  However, Plaintiffs are informed and believe that substantive Due Process prohibits States and their subdivisions, including cities, from limiting the selection of schools for minor pupils to a government school or a school that is under government sponsorship or that has a concession agreement with government to share its profits with government.  Plaintiffs are also informed and believe that substantive Due Process also prohibits States and their subdivisions, including cities, from limiting the selection of schools for minor pupils to a set number of "most qualified" schools approved by government.  Plaintiffs are informed and believe that while government may set standards for schools, government, including city government, must allow parents with primary care responsibilities for their children the broadest choice among all of those schools that qualify under government-established standards.

148. Plaintiffs are informed and believe that the substantive Due Process principles described in the preceding paragraph apply to schools that provide instruction in a

34

specialized skill or practice no less than apply to schools that provide a general education.

149. Plaintiff NSCSS qualifies under any and all standards that can lawfully be applied by government, including all such standards applied by Defendant CITY to surf schools, to the topic of instruction in the skills and safety measures applicable to surfing.

150. Plaintiffs are informed and believe that it is a principle of substantive Due Process that parents who has primary responsibility for their minor child (or a legal guardian of such a child) has the right to select that school which in such parent's (or guardian's) judgment will offer the safest instruction to teach their children to a level of surfing skill selected by such parent (or guardian) and to do so in a manner that is most conducive to the emotional well-being and physical and emotional development of such child.

151. Plaintiffs are informed that substantive Due Process also prohibits government, including cities, from encroaching upon the above-described principles of substantive Due Process by limiting access to the most favorable beach sites at which to teach surfing to those particular schools which either share their profit with government or which fit within a quota of approved schools set by government.

152. Plaintiffs are informed and believe that a parent having primary responsibility for a minor child (or the guardian of a minor child) also has the right to select a school that requires compensation, and cannot be limited to have their children attend, if at all, either a government school, a non-profit school, a for-profit school that shares its profits with government, or a quota of other schools that precludes otherwise qualified schools.

153. Plaintiffs are informed and believe that Subdivision A of § 13.14.020 and Subdivision B 1 and 4 of § 13.14.030 of SCMC violate the substantive facets of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and of the Due Process Clause of Article I, § 7, of the California Constitution insofar as they limit the number of surf schools that may teach minor pupils at Cowell's Beach.

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

154. Accordingly, Plaintiff NSCSS is entitled to compensatory damages from Defendant CITY.

155. Pursuant to 42 U.S.C. § 1988 Plaintiff NSCSS is entitled to an award of attorney fees for the prosecution of so much of this Nineteenth Claim for Relief as pertains to the Due Process Clause of the Fourteenth Amendment.

///

**TWENTY-FIRST CLAIM FOR RELIEF**
**Deprivation of Liberty to Engage in Business of**
**Teaching of Surfing Skills at Cowell's Beach**
**in Violation of Substantive Due Process of Law Guaranteed by the**
**Fourteenth Amendment to U. S. Constitution and**
**Article I, § 7, of the California Constitution - Injunctive Relief**
(only Plaintiff New Santa Cruz Surf School, LLC,
against only Defendants City of Santa Cruz,
Carol Scurich, as an individual and as Director of Parks and Recreation,
and DOES 1-3, as individuals and in their respective official capacities)

156. Paragraphs 2, 5, 8 through 10, 12 and 17 through 26, 28 through 30, 37 through 41, 53 through 60 and 146 through 153 are incorporated herein.

157. Plaintiffs are informed and believe that unless restrained by this Court, Defendants CITY, SCURICH, and DOES 1-3 will continue to limit parents with primary responsibility for their minor children (and guardians of such children) to surf schools at Cowell Beach that are either government-run surf schools, non-profit surf schools, a for-profit surf school (Defendant GUZMAN dba CLUB ED) that shares its profits with Defendant CITY, or a limited number (presently 3) of other for-profit surf schools in violation of said substantive Due Process principles.

158. Plaintiffs, who have standing to assert these substantive Due Process rights of said parents and guardians, are entitled to injunctive relief from this Court prohibiting Defendants CITY, SCURICH, as an individual and as Director of Parks and Recreation, and DOES 1 THROUGH 3, as individuals and in their respective official capacities, from

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700      First Amended Complaint

preventing Plaintiff NSCSS or Plaintiff MEYBERG, should he organize any other qualified surf school, from either denying a permit to either Plaintiff, upon application, submission of required documentation, and permit fee, to operate a surf school for minor students at Cowell's Beach, or in the alternative, prohibiting either such Plaintiffs from engaging in surf instruction at Cowell's Beach for compensation without such a permit.

159. Pursuant to 42 U.S.C. § 1988 Plaintiffs are entitled to an award of attorney fees for the prosecution of so much of this Twentieth Claim for Relief that pertains to rights under the Due Process Clause of the Fourteenth Amendment.

///

## TWENTY-SECOND CLAIM FOR RELIEF
**Unlawful Search of Curtilage in Violation of
Guaranty of Freedom from Unreasonable Search Pursuant to
Fourth Amendment to United States Constitution as Incorporated into
Due Process Clause of Fourteenth Amendment to United States Constitution
and Corresponding Clause of Article I, § 13, of California Constitution
- Damages**
(only Plaintiff David Meyer against only
Defendants City of Santa Cruz, Donald Timoteo, individually. and
Does 7 through 10, individually)

160. Paragraphs 2, 5 through 7, 9, 13, and 14 are incorporated herein.

161. Plaintiff MEYBERG at all times pertinent resided in a home located within the City of Santa Cruz.

162. In March 2018 Defendant TIMOTEO without the consent of Plaintiff MEYBERG, and without a search warrant, and without probable cause that a crime was being committed on the premises, and without probable cause that evidence of a crime existed on the premises, and without any exigency of any sort justifying an intrusion upon such premises, walked upon the curved driveway that was (and still is) within the curtilage of the home of Plaintiff MEYBERG.

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700     First Amended Complaint

163. On such occasion, Defendant TIMOTEO intruded sufficiently into such curtilage so as to afford him a view into the garage attached to the home of Plaintiff MEYBERG, which attached garage has an entrance into the home of Plaintiff MEYBERG. A view into said garage is not visible from vantage points outside of said curtilage. By means of such unlawful and unconstitutional entry into the curtilage of the home of Plaintiff MEYBERG, Defendant TIMOTEO was able to obtain a visual, albeit superficial, inspection of the interior of the attached garage of Plaintiff MEYBERG's home.

164. Plaintiff MEYERG is informed and believes that such intrusion into the curtilage of his home and such visual search of the interior of his attached garage by Defendant MEYBERG was a violation of his privacy rights under the Search and Seizure Clause of the Fourth Amendment to the United States Constitution as incorporated into the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and also of his privacy rights under the Search and Seizure Clause of Article I, § 13, of the California Constitution.

165. Plaintiff MEYBERG is informed and believes that such unlawful search by Defendant TIMOTEO was pursuant to a policy of Defendant CITY and of a conspiracy that also involved Defendants DOES 7 THROUGH 10.

166. Plaintiff MEYBERG was damaged by such unconstitutional intrusion and search of the interior of his garage in an amount to be shown by proof at trial.

167. The legal principles pertaining to the unconstitutionality of said intrusion into the curtilage of the home of Plaintiff MEYBERG by Defendant TIMOTEO and of the view which said intrusion enabled Defendant TIMOTEO to then obtain into the interior of the attached garage of Plaintiff MEYBERG was well established and clear prior to March 2018.

*Meyberg et al vs. City of Santa Cruz, et al*    Case No. C-19-00700        First Amended Complaint

168. Accordingly, Plaintiff MEYBERG is entitled to compensatory damages from Defendants CITY, TIMOTEO, as an individual, and DOES 7 THROUGH 10, as individuals.

169. Plaintiff MEYBERG is also entitled to punitive damages from Defendants TIMOTEO, as an individual, and DOES 7 through 10, as individuals.

170. Pursuant to 42 U.S.C. § 1988, Plaintiff MEYBERG is entitled to an award of attorney fees against Defendants CITY, TIMOTEO, as an individual, and DOES 7 THROUGH 10, as individuals.

///

**TWENTY-THIRD CLAIM FOR RELIEF**
**Unlawful Search of Curtilage in Violation of**
**Guaranty of Freedom from Unreasonable Search Pursuant to**
**Fourth Amendment to United States Constitution as Incorporated into**
**Due Process Clause of Fourteenth Amendment to United States Constitution**
**and Corresponding Clause of Article I, § 13, of California Constitution**
**- Injunctive Relief**
(only Plaintiff David Meyer against
only Defendants City of Santa Cruz,
Donald Timoteo, individually and in his official capacity. and
Does 7 through 10., individually and in their respective official capacities)

171. Paragraphs 2, 5 through 7, 9, 13, 14 and 161 through 166 are incorporated herein.

172. Plaintiff MEYBERG is informed and believes that unless restrained by this Court Defendants CITY, TIMOTEO and DOES 7 THROUGH 10, will again intrude into the curtilage of his home without the consent of Plaintiff MEYBERG and also without benefit of a search warrant and also in the absence of probable cause to believe a crime is occurring on the premises or that evidence of a crime may be found on the premises, and in the absence of any exigency justifying such intrusion, and seek from such unlawful vantage point whatever view may be obtained into the attached garage of the home of

39

Plaintiff MEYBERG or into the home itself, all in violation of the constitutionally protected privacy rights of Plaintiff MEYBERG.

173. Accordingly, Plaintiff MEYBERG is entitled to injunctive relief from this Court against such an intrusion into the curtilage of the home of Plaintiff MEYBERG by Defendant TIMOTEO, both as an individual and in his official capacity, by Defendants DOES 7 THROUGH 10, as individuals and in their respective official capacities, and against Defendant CITY and any employee or agent of Defendant CITY.

174. Pursuant to 42 U.S.C. § 1988 Plaintiff MEYBERG is entitled to an award of attorney fees for the prosecution of this Twenty-Second Claim for Relief insofar is it pertains to his privacy rights under the Fourth and Fourteenth Amendments to the United States Constitution.

///

### TWENTY-FOURTH CLAIM FOR RELIEF
**Unlawful Search of Home Beyond Scope of Consent in Violation of
Guaranty of Freedom from Unreasonable Search Pursuant to
Fourth Amendment to United States Constitution as Incorporated into
Due Process Clause of Fourteenth Amendment to United States Constitution
and Corresponding Clause of Article I, § 13, of California Constitution
- Damages**
(only Plaintiff David Meyer against only
Laura Landry, individually. Joe Granda, individually,
and Does 7 through 10, individually)

175. Paragraphs 2, 5 through 7, 9, 13, and 14 are incorporated herein.

176. In February or March 2017 Defendants LANDRY and GRANDA came to the home of Plaintiff MEYBERG and on such occasion identified themselves as employees of Planning Department.  Defendants LANDRY and GRANDA displayed to Plaintiff MEYBERG a document indicating that Planning Department suspected that the home of Plaintiff LANDRY contained an illegal dwelling unit in addition to his legal residence.

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

177. Plaintiff MEYBERG denied that there was any illegal dwelling unit within his home and expressly consented to a limited search of his home for the specific purpose of allaying their suspicion that there was an illegal dwelling unit in his home. Said consent of Plaintiff MEYBERG was limited to Defendants LANDRY and GRANDA being able to look around his home only for such purpose and did not include any consent to them, or either of them, to take photographs of the interior of the home of Plaintiff MEYBERG or of various belongings and effects within the home of Plaintiff MEYBERG.

178. Defendants LANDRY and GRANDA agreed to conduct that limited search forthwith, but instead of engaging in the limited search of the home that was consented to by Plaintiff MEYBERG, Defendants LANDRY and GRANDA conducted a more intensive search of the home and its contents and over the stated objections of Plaintiff MEYBERG took many photographs of scenes within said the home of Plaintiff MEYBERG and of various belongings and effects of Plaintiff MEYBERG that were within the home of Plaintiff MEYBERG.

179. Plaintiff ,MEYBERG is informed and believes that Defendants LANDRY and GRANDA did not have a search warrant to search the home of Plaintiff MEYBERG, did not have probable cause to believe that any crime was being committed within the home of Plaintiff MEYBERG, did not have probable cause to believe there was any evidence of crime contained within the home of Plaintiff MEYBERG, nor were aware of any exigency that would justify entry into the home of Plaintiff MEYBERG. Plaintiff MEYBERG is informed and believes that the only basis for such search was the limited consent which Plaintiff MEYBERG gave on such occasion to Defendants LANDRY and GRANDA to accomplish a limited search to allay any reasonable suspicion which Planning Department may have had that an illegal dwelling unit existed within the home of Plaintiff MEYBERG.

*Meyberg et al vs. City of Santa Cruz, et al*    Case No. C-19-00700        First Amended Complaint

180. Plaintiff MEYBERG was damaged by the invasion of his privacy that resulted from so much of the search of Defendants LANDRY and GRANDA that exceeded the scope of the consent given to them by Plaintiff MEYBERG.

181. Plaintiff MEYBERG was also damaged by the invasion of his privacy accomplished by the taking of many photographs without his consent and over his objection.

182. Plaintiff MEYBERG is informed and believes that such search beyond the scope of the consent which Plaintiff MEYBERG expressed to Defendants LANDRY and GRANDA, and the seizures of photographic views, which were taken entirely without consent and over the objection of Plaintiff MEYBERG violate the constitutional rights of Plaintiff MEYBERG under the Fourth Amendment to the United States Constitution as incorporated into the Due Process Clause of the Fourteenth Amendment to the United States Constitution and under Article I, § 13, of the California Constitution.

183. The applicable principles concerning the conduct of a search that is authorized only by a consent but which goes beyond such consent and the taking of photographs that violate the Fourth Amendment are well established and clear and were so prior to the search and photographic seizures accomplished by Defendants LANDRY and GRANDA on this occasion.

184. Accordingly, Plaintiff MEYBERG Is entitled to compensatory damages in an amount to be shown by proof at trial from Defendants LANDRY, individually, GRANDA, individually, and DOES 7 THROUGH 10, individually.

185. Plaintiff MEYBERG is also entitled to punitive damages from Defendants LANDRY, individually, and GRANDA, individually,

186. Pursuant to 42 U.S.C. § 1988 Plaintiff MEYBERG is entitled to an award of attorney fees from Defendants LANDRY, individually, GRANDA, individually, and DOES 7 THROUGH 10, individually.

///

42

1

2

**TWENTY-FIFTH CLAIM FOR RELIEF**
**Declaratory Relief Re Lots**

3

(only Plaintiff MEYBERG against only Defendants City of Santa Cruz,

Lee Butler, as Director of Planning, Nancy Concepcion, in official capacity,

4

Eric Marlatt, in official capacity, Alex Khourny, in official capacity,

Jacob Rodriguez, in official capacity,

5

and DOES 11 through 20, in their respective official capacities)

6

187 Paragraphs 5 through 7, 9 and 12 are incorporated herein.

7

188. In June 2010 Plaintiff MEYBERG purchased two adjacent lots from Patricia

8

Sorenson.  Both of these lots are within the City of Santa Cruz and are respectively

9

known by the assessor's parcel numbers 004-182-26-000 and 004-182-27-000.

10

189. These two lots have never been merged and Plaintiff MEYBERG receives

11

distinct tax bills for each of them.

12

190.  Plaintiff MEYBERG discussed with Defendant CONCEPCION a proposal to

13

construct an Accessory Dwelling Unit (hereinafter ADU) on each of the lots referred to

14

in Paragraph 188.  Initially Defendant CONCEPCION expressed the opinion that such

15

would be an appropriate project, as CITY law allowed the building of an ADU on each

16

lot.

17

191. Plaintiff MEYBERG invested in such project and hired a consultant, Stephen

18

Gettel (hereinafter Gettel), and also had architectural plans drawn up for such project.

19

Defendant BUTLER, Director of Planning Department informed Gettel that such project

20

appeared to be viable.

21

192. In May 2018 Plaintiff MEYBERG submitted ten sets of plans and paid

22

Defendant CITY $2,000.00 to perform a review of these preliminary building plans to

23

build an ADU on each of said lots.

24

193. In June2018 Defendant MARLATT, on behalf of Planning Department

25

informed Plaintiff MEYBERG that Planning Department were denying approval for such

26

building plans on the purported ground that the two lots had been merged into a single

27

43

28

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700        First Amended Complaint

lot, and thus only a single ADU could be built thereon.  In due course, each of the other involved officials of Planning Department, including Defendants BUTLER and CONCEPCION, adopted the same position.

194. Plaintiff MEYBERG was unable to obtain any appropriate explanation why Planning Department, including Defendants BUTLER, CONCEPCTION, MARLATT, KHOURNY and RODRIGUEZ asserted that the two lots had merged into a single lot. At one point Defendant KHOURNY communicated by e-mail to Plaintiff MEYBERG that some 30 years previously the two lots had been merged by deed into a single lot.  In fact what had occurred in the referenced time period was that the **two** lots had been separately deeded from being owned by a single spouse as grantor to both spouses as grantees in joint tenancy.

195. Closer to the true explanation of the rationale of Planning Department was an oral comment of one Planning Department official that she could not accept any further plans regarding the project because Plaintiff MEYBERG had an "illegal surf school."

196. Whatever the rationale of Defendant CITY and its Planning Department, it is clear that Defendant CITY and the various officials of Planning Department presently take the position that the lots designated as 004-182-26-000 and 004-182-27-000 have legally become merged into a single lot.  Plaintiff MEYBERG, in contrast, contends these two lots retain their distinct legal status of two lots.

197. At stake in this dispute in addition to the right to construct a total of two ADUs thereon, is the ability to sell one lot while retaining the other.  In addition, even if the two lots retain a common ownership, their market price as two lots is greater than the market price of a combined lot.  The administrative process to accomplish a new lot split would be costly and burdensome.

198. Accordingly, Plaintiff MEYBERG is entitled to declaratory relief determining whether the lots designated as 004-182-26-000 and 004-182-27-000 are legally two distinct lots or comprise a single merged lot.

**TWENTY-SIXTH CLAIM FOR RELIEF**
(Alternative to a declaration pursuant to Twenty-Fourth Claim for Relief
that APN 004-182-26-000 and APN 004-182-27-000 are Two Distinct Lots
for Purposes of Planning, Building and Real Property Characterization)
**Regulatory Taking**
(only Plaintiff David Meyberg against only Defendant City of Santa Cruz)

199. Paragraphs 2, 5 through 7, 9 and 188 through 197 are incorporated herein.

200. Although Defendant CITY and its agents have not identified any law or ordinance that supports its contention that the lots designated as 004-182-26-000 and 004-182-27-000 have become merged into a single lot for purposes of land planning and approval of building plans, Planning Department of Defendant CITY is acting on such characterization and denies to Plaintiff MEYBERG his entitlement to build distinct ADUs on these respective two lots.

201. In doing so, Defendant CITY and its Planning Department are also significantly destroying much of the value of these two lots.

202. Defendant CITY has not offered just compensation, or any compensation, to Plaintiff MEYBERG for this significant impact of administrative practice substantially reducing the utility of these two lots and their market value.

203. Plaintiff MEYBERG is informed and believes that such administrative practice by Defendant CITY and its Planning Department amounts to a regulatory taking.

204. As an alternative to a declaration of this Court pursuant to the Twenty-Fourth Claim for Relief that APN 004-182-26-000 and APN 004-182-27-000 are two distinct lots for purposes of planning, building and real property characterization, Plaintiff MEYBERG is informed and believes that such regulatory taking violates his right under the Fifth Amendment to the United States Constitution as incorporated into the Due Process Clause of the Fourteenth Amendment to the United States Constitution to just compensation for property whose utility and value are substantially reduced sor the ostensible benefit of government. Plaintiff MEYBERG also is informed and believes that

45

such regulatory taking similarly violates his right under Article I, § 19(a) of the California Constitution.

205. Accordingly (and upon the alternative condition specified in the preceding paragraph) Plaintiff MEYBERG is entitled to just compensation for the loss of utility and market value which the regulatory taking, i.e., diminution of utility and market value, by Defendant CITY of certain real property owned by Plaintiff MEYBERG, to wit: those two lots designated as APN 004-182-26-000 and APN 004-182-27-000.

206. Pursuant to 42 U.S.C. § 1988 Plaintiff MEYBERG is entitled to an award of attorney fees from Defendant CITY for the prosecution of this Twenty-Fifth Claim for Relief insofar as it pertains to his right to just compensation under the Fifth Amendment to the United States Constitution as incorporated into the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

207. Pursuant to California law Plaintiff MEYBERG is also entitled to an award of attorney fees from Defendant CITY for the prosecution of this Twenty-Fifth Claim for Relief insofar as it pertains to his right to just compensation under Article I, § 19(a), of the California Constitution.

///

**TWENTY-SEVENTH CLAIM FOR RELIEF**
**Retaliation for Participation in Exercise of**
**First Amendment and California Constitutional Right to**
**Petition for Redress of Grievances by Means of Litigation - Damages**
(both Plaintiffs against all Defendants)

208. Paragraphs 2, 5 through 15, 17 through 33, 37 through 41, 45, 53 through 60, 66 through 68, 79 through 84, 93 through 95, 99 through 106, 116 through 121, 128, 129, 135 through 138, 146 through 153, 161 through 166, 176 through 182, 188 through 197 and 200 through 204 are incorporated herein.

209. Plaintiff MEYBERG is and at all pertinent times was also an attorney and member of the California State Bar. In May 2007 Plaintiff MEYBERG served as co-

46

counsel in California litigation in which Santa Cruz Surf School, Inc. (SCSSI) was a plaintiff and Defendant (in the instant litigation) CITY was also the defendant in the 2007 litigation. Said 2007 litigation concerned the efforts of SCSSI to operate a surf school at Cowell's Beach, notwithstanding that SCSSI did not have a permit from CITY to do so. SCSSI took the position that SCMC § 13.10.010 then only applied to the sale of goods and not the sale of services. Said litigation settled with CITY paying attorney fees to Plaintiff.

210. Subsequent to the formal settlement of said 2007 litigation, Defendant (in this litigation) CITY amended SCMC § 13,10,010 to include the sale of services as well as the sale of goods.

211. In response to said 2007 litigation Defendant (in this litigation) CITY also adopted a new Chapter 13.14 to the SCMC, which chapter specifically applied to the operation of surf schools at Cowell's Beach. Defendant CITY granted SCSSI a permit to operate a surf school at Cowell's Beach.

212. SCSSI was a corporation owned by Daryl Greiner (hereinafter Greiner).

213. Subsequent to said settlement Greiner was arrested for alleged conduct at Cowell's Beach, which if true would make inappropriate his continued operation of a surf school at a public beach. As a collateral result, the business goodwill of SCSSI was destroyed.

214. Plaintiff MEYBERG purchased SCSSI and reorganized said business as Plaintiff NSCSS. In contrast to the stigmatized Greiner, Plaintiff MEYBERG had an exemplary public reputation and was able to inspire public confidence and trust in SCSSI.

215. Notwithstanding Plaintiff MEYBERG's superlative qualifications to operate a surf school at Cowell's Beach and notwithstanding that the public welfare obviously would be served by having NSCSS replace SCSSI as an operator of a surf school at Cowell's Beach, Defendant CITY and particularly Defendant SCURICH embarked on a systematic campaign to prevent either Plaintiff MEYBERG or any entity controlled by

47

Plaintiff MEYBERG (such as Plaintiff NSCSS) from conducting a business at a park or beach within the jurisdiction of Defendant CITY.

216. Plaintiffs MEYBERG and NSCSS are informed and believe that the motivation and purpose of Defendants CITY and SCURICH is to retaliate against Plaintiff MEYBERG and any business entity associated with Plaintiff MEYBERG, including Plaintiff NSCSS, for MEYBERG's role as co-counsel on behalf of Greiner and SCSSI in their 2007 litigation against Defendant CITY.

217. Defendants CITY and SCURICH have been joined in their conspiracy to retaliate against Plaintiff MEYBERG and any business entity associated with Plaintiff MEYBERG by each and every of the other Defendants in this case, including Defendants GUZMAN dba CLUB ED, MARTINEZ, ELDRIDGE, BAKER, BUTLER, MARLATT, KHOURNY, CONCEPCION, RODRIGUEZ, TIMOTEO, LANDRY, GRANDA, and DOES 1 through 40.

218. Plaintiffs are informed and believe that such retaliation includes the various other violations recited in the preceding Claims for Relief.

219. Plaintiffs are informed and believe that such retaliation violates the guarantee that each person within the City of Santa Cruz has the right to petition the government for redress of grievances, which guarantee is contained within the First Amendment to the United States Constitution, incorporated within the Due Process Clause of the Fourteenth Amendment, and also within Article I, § 3, of the California Constitution.  Plaintiffs are also informed and believe that such right to petition includes the right of persons to litigate such grievances in court..

220. Both Plaintiffs are entitled to an award of compensatory damages against Defendants CITY, GUZMAN dba CLUB ED and Does 26 through 40, individually.

221. Plaintiffs are informed and believe that the applicable principles of First Amendment law that make such retaliatory practices unconstitutional were clearly established prior to such retaliatory acts being committed by said Defendants.

48

222. Accordingly, Plaintiffs are also entitled to an award of compensatory damages from each Defendant listed in Paragraph 217 in addition to Defendants CITY, GUZMAN dba CLUB ED and DOES 26 through 40, in their individual capacity.

223. Plaintiff are also entitled to an award of punitive damages against each Defendant listed in Paragraph 217 other than Defendant CITY, each in their individual capacity.

224. Pursuant to 42 U.S.C. § 1988, Plaintiffs are also entitled to an award of attorney fees based for the prosecution of this Twenty-Sixth Claim for Relief against Defendant listed in Paragraph 217, each (except Defendant CITY) in their individual capacity.

///

### TWENTY-EIGHTH CLAIM FOR RELIEF
**Retaliation for Participation in Exercise of**
**First Amendment and California Constitutional Right to**
**Petition for Redress of Grievances by Means of Litigation - Injunctive Relief**
(both Plaintiffs against all Defendants)

225. Paragraphs 2, 5 through 15, 17 through 33, 37 through 41, 45, 53 through 60, 66 through 68, 79 through 84, 93 through 95, 99 through 106, 116 through 121, 128, 129, 135 through 138, 146 through 153, 161 through 166, 176 through 182, 188 through 197 200, 202 through 204 and 209 through 219 are incorporated herein.

226. Both Plaintiffs are entitled to injunctive relief prohibiting Defendants CITY and all other Defendants, each as individuals, and also Defendants SCURICH, MARTINEZ, ELDRIDGE, BAKER, BUTLER, MARLATT, KHOURNY, RODRIGUEZ, CONCPECION, LANDRY, GRANDA, and DOES 1 THROUGH 25 also in their respective official capacities, from taking any action whatsoever against Plaintiff MEYBERG, Plaintiff NSCSS, or any other person or entity associated with either Plaintiff MEYBERG or Plaintiff NSCSS. by reason of Plaintiff MEYBERG's representation of Greiner and/or SCSSI in prior litigation against CITY and/or any

official or concessionaire associated with CITY, and also to prohibit withholding any benefit or privilege from either Plaintiff MEYBERG, Plaintiff NSCSS, or any other person or entity associated with either Plaintiff MEYBERG or Plaintiff NSCSS, said prohibitions to include treating any application of Plaintiff MEYBERG or Plaintiff NSCSS or other entity associated with Plaintiff MEYBERG or PLAINTIFF NSCSS, review any permit held by either Plaintiff MEYBERG, Plaintiff NSCSS, or any other person or entity associated with either Plaintiff MEYBERG or Plaintiff NSCSS in a manner differently than other similarly situated applicants or permittees.

227 Pursuant to 42 U.S.C. 1988 Both Plaintiffs are entitled to an award of attorney fees against Defendants CITY and every other Defendant listed in Paragraph 217 in their individual capacity for the prosecution of this Twenty-Seventh Claim for Relief to the extent it pertains to said First Amendment rights.

///

### TWENTY-NINTH CLAIM FOR RELIEF
### Interference with Contractual Relations - Damages
(only Plaintiff New Santa Cruz Surf School against
Defendants CITY, GUZMAN dba CLUB ED, SCURICH, MARTINEZ, ELDRIDGE,
BAKER, DOES 1-10 and DOES 26-34)

228. Paragraphs 5 through 15, 17 through 33, 37 through 41, 45, 53 through 60, 66 through 68, 79 through 84, 93 through 95, 99 through 106, 116 through 121, 128, 129, 135 through 138, 146 through 153, 161 through 166, 176 through 182, 188 through 197 200, 202 through 204 and 209 through 219 are incorporated herein.

229. Plaintiff NSCSS had various employees who terminated such employment by reason of their concern for being subjected to harassment and/or legal prosecution as a result of the unlawful activities of Defendants CITY, GUZMAN dba CLUB ED, SCURICH, MARTINEZ, ELDRIDGE, BAKER, DOES 1-10 and DOES 26-34.

230. Plaintiff NSCSS also had various contracts to teach students safe surfing skills, which contracts were terminated by reason either the full performance of Plaintiff

50

NSCSS being compromised by the interference with surfing instruction at Cowell's Beach by the Defendants listed in Paragraph 229 or because such students or their parents became concerned for their security and safety or the stability of Plaintiff NSCSS under the unlawful circumstances imposed on Plaintiffs by the Defendants listed in Paragraph 229.

231. Plaintiff NSCSS is entitled to compensatory damages from each of the Defendants listed in Paragraph 229 for interference with the above contractual relations.

232. Plaintiff NSCSS is entitled to punitive damages from each of the Defendants listed in Paragraph 229 other than Defendant CITY for interference with the above contractual relations.

///

## THIRTIETH CLAIM FOR RELIEF
### Interference with Prospective Contractual Relations - Damages
(only Plaintiff New Santa Cruz Surf School against
Defendants CITY, GUZMAN dba CLUB ED, SCURICH, MARTINEZ, ELDRIDGE,
BAKER, DOES 1-10 and DOES 26-34)

233. Paragraphs 5 through 15, 17 through 33, 37 through 41, 45, 53 through 60, 66 through 68, 79 through 84, 93 through 95, 99 through 106, 116 through 121, 128, 129, 135 through 138, 146 through 153, 161 through 166, 176 through 182, 188 through 197, 200, 202 through 204, 209 through 219, 229 and 230 are incorporated herein.

234. Plaintiff NSCSS frequently had difficulty hiring qualified surf instructors because of the concern of such prospective employees that they would be harassed, and/or subject to legal prosecution to teach surfing skills at Cowell's Beach while affiliated with Plaintiff NSCSS.

235. Plaintiff NSCSS lost many potential students by reason of the concern of such students (or of their parents) that Plaintiff NSCSS was engaged in an illegal activity by operating a surf school at Cowell's Beach or out of concern for the stability of Plaintiff NSCSS in being able to complete a full course of instruction.

51

236. Beginning in 2018 Plaintiff NSCSS found it necessary to entirely discontinue operating a surf school at Cowell's Beach by reason of said illegal harassment by the Defendants listed in Paragraph 229.

237. Plaintiff NSCSS is entitled to compensatory damages from each of the Defendants listed in Paragraph 229 for interference with the above-described prospective contractual relations.

238. Plaintiff NSCSS is entitled to punitive damages from each of the Defendants listed in Paragraph 229 other than Defendant CITY for interference with the above described prospective contractual relations.

///

### THIRTY-FIRST CLAIM FOR RELIEF
### RICO ACT (18 U.S.C. § 1964)
(both Plaintiffs against all Defendants)

239. Paragraphs 4, 6 through 15, 17 through 33, 37 through 41, 45, 53 through 60, 66 through 68, 79 through 84, 93 through 95, 99 through 106, 116 through 121, 128, 129, 135 through 138, 146 through 153, 161 through 166, 163 through 182, 188 through 197, 200, 202 through 204, 209 through 219, 229, 230 and 234 through 236 are incorporated herein.

240. The beaches of California and especially Cowell's Beach is a popular tourist site, including tourists from States other than California and foreign nations.  Commercial activities, including surfing instruction at Cowell Beach affect interstate and foreign commerce, particular as regards tourists.

241. The foregoing practices, including the fostering of violence against Plaintiff MEYBERG and the suggestion that other instructors and students associated with Plaintiff NSCSS could be subjected to violence, and that protection against such violence by local law enforcement would not necessarily be available, even when such would be available to instructors and students of surf schools holding permits to operate a surf

school at Cowell's Beach, affect the ability of both Plaintiffs to fully participate in interstate trade at the site of Cowell's Beach.

242. Plaintiffs are informed and believe the foregoing illegal practices constitute a criminal enterprise under the provisions of the federal Racketeer Influenced Corrupt Organization Act (RICO) (18 U.S.C. § 1964 *et seq*.

243. Both Plaintiffs are entitled to the various remedies of RICO, including compensatory damages, punitive damages (except for Defendant CITY), injunctive relief, declaratory relief, and attorneys fees as may be appropriate under RICO, against all Defendants.

///

**THIRTY-SECOND CLAIM FOR RELIEF**
**California Unfair Competition Act (B&P § 17200)**
(only Plaintiff New Santa Cruz Surf School against all Defendants)

244.  Paragraphs 5 through 15, 17 through 33, 37 through 41, 45, 53 through 60, 66 through 68, 79 through 84, 93 through 95, 99 through 106, 116 through 121, 128, 129, 135 through 138, 146 through 153, 161 through 166, 176 through 182, 188 through 197, 200, 202 through 204, 209 through 219, 229, 230, 232 through 236, 240 and 241 are incorporated herein.

245. Plaintiffs are informed and believe the foregoing illegal practices constitute unfair competition under the provisions of the California Unfair Competition Act (Business & Professions Code - hereinafter B&P - § 17200 *et seq*.)

246. Both Plaintiffs are entitled to the various remedies of said Unfair Competition Act, including compensatory damages, punitive damages (except for Defendant CITY), injunctive relief, declaratory relief, and attorneys fees, as may be appropriate under said Unfair Competition Act against all Defendants.

**THIRTY-THIRD CLAIM FOR RELIEF**
**California Banes Act (Civil Code §§ 51.7, 52 and 52.1)**
(Plaintiff New Santa Cruz Surf School against all Defendants)

53

247.  Paragraphs 5 through 15, 17 through 33, 37 through 41, 45, 53 through 60, 66 through 68, 79 through 84, 93 through 95, 99 through 106, 116 through 121, 128, 129, 135 through 138, 146 through 153, 161 through 166, 163 through 182, 188 through 197, 200, 202 through 204, 209 through 219, 227, 230, 234 through 236, 240 and 241 are incorporated herein.

248. Plaintiffs are informed and believe the foregoing illegal practices constitute violations of federal and/or State law remediable under various provisions of the Banes Act, including Civil Code - hereinafter CC - §§ 51.7, 52 and 52.1)

249. Both Plaintiffs are entitled to the various remedies of said Banes Act, including compensatory damages, punitive damages (except for Defendant CITY), injunctive relief, declaratory relief and attorney fees, as may be appropriate under said provisions of the Civil Code against all Defendants.

250. Plaintiffs are informed and believe that Defendants MARTINEZ, ELDRIDGE, BAKER, LANDRY, and GRANDA are liable for the enhanced sanctions of CC § 50.7 applicable to peace officer acting in violation of the law, to wit: $25,000.00 for each offense.

///

**JURY DEMAND**

251.  Plaintiff hereby demands a jury trial on all claims for relief allowing for such procedure.

///

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs request the following relief:

1. For general damages in a sum according to proof.

2. For special damages in a sum according to proof.

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700       First Amended Complaint

3. For punitive damages against the individual defendants in a sum according to proof.

4. For leave to amend or supplement the complaint as the identities of unknown defendants are discovered and or new evidence is revealed showing the role of known persons.

5. For such injunctive relief as is described herein or as is deemed appropriate to the exercise of the equitable powers of this Court.

6. For attorneys fees as available,  as indicated herein,  and as found to be reasonable and appropriate, including attorneys fees pursuant to 42 U.S.C. § 1988..

7. Declaratory relief as sought herein.

8. Pursuant to the First, Second and Third Claims for Relief concerning anti-trust violations, treble damages.

9. Mandamus relief pursuant to the Sixth Claim for Relief.

10. For costs of suit herein incurred.

11. For such other and further relief as this Court deems just and proper.


Dated: May 11, 2019

　　　　　　　　　　　　　/s/ Kathleen E. Wells
　　　　　　　　　　　　　KATHLEEN E. WELLS, Attorney for Plaintiffs

*Meyberg et al vs. City of Santa Cruz, et al*   Case No. C-19-00700      First Amended Complaint